from the above considerations that he is not entitled to any pay for the period of suspension, and accordingly judgment is given for the defendant.

Judgment for defendant.

(121 App. Div. 72)

### BARTLE v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. July 9. 1907.)

CARRIERS—CARRIAGE OF PASSENGERS—SETTING DOWN PASSENGERS—CONTRIBUTORY NEGLIGENCE.

Plaintiff was injured in alighting in the nighttime from a moving train. He had been traveling with an excursion party, and the conductor had said, when taking up their tickets, "Don't be asleep when you get there." On approaching the station, the trainman was at the rear end of the car with his lantern, which plaintiff knew; but he alighted from the car at the front end, where there was no trainman, under the mistaken belief, as he claimed, that the train had stopped. The railroad had failed to provide a light at the place where plaintiff left the car to enable passengers to see the steps and to tell whether the train had stopped, and the station was not well lighted. *Held*, that plaintiff was guilty of contributory negligence and was properly nonsuited.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1385–1397.]

Kruse and Robson, JJ., dissenting.

Exceptions from Trial Term, Monroe County.

Action by Victor Bartle against the New York Central & Hudson River Railroad Company. Motion by plaintiff, after nonsuit, for a new trial on exceptions taken during the trial, ordered to be heard in the first instance by the Appellate Division, pursuant to Code Civ. Proc. § 1000. Exceptions overruled, motion denied, and judgment ordered for defendant on the, nonsuit.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

James M. E. O'Grady, for plaintiff.

Harris & Harris, for defendant.

WILLIAMS, J. The exceptions should be overruled, and the motion denied, with costs to defendant.

The action was brought to recover damages for personal injuries, alleged to have resulted from defendant's negligence. The accident occurred and the injuries were received by plaintiff in alighting from a train of defendant in the nighttime. Plaintiff stepped off the car steps while the train was still in motion. He claimed that he supposed the train had stopped. He was at the front of the car, next the engine. The trainman who called out the station was at the rear end of the car. The plaintiff went off the front end of the car. There was nothing prejudicial to the defendant in the remark of the conductor when he took up the tickets of the plaintiff's party. It was late at night. The people had been away upon an excursion, and the conductor may well have assumed they were tired and were likely to fall asleep. There were 12 of them to get off. The remark of the con-

ductor was very natural and proper, "Don't be asleep when you get there." The objection that the station was not well lighted was hardly tenable. It was a small station, and it is not usual to have such stations lighted. The more serious objection would be that there was no light at the point where passengers were to alight, to enable them to see the steps and the landing place, and to know that the train had stopped. It was not necessary that the defendant should provide a trainman at each end of a car. The trainman on this occasion was at the rear end of the car and had his lantern there. The plaintiff and his company knew where the trainman was, heard him call out the station, and yet they saw fit to leave the car at the front end, where it was dark and there was no trainman and no light. The train was being operated properly when the accident occurred—was running smoothly. There was no jerking of the car—no throwing of the plaintiff off the step. While the car was still moving so smoothly and quietly along that the plaintiff supposed it had stopped, the plaintiff stepped off and was thrown down and injured. There seems to have been very little evidence of negligence of the defendant upon which to base a verdict for plaintiff.

The evidence as to contributory negligence by the plaintiff, however, was sufficient to warrant the nonsuit that was granted in the case. The alighting from a train while in motion is presumptively and generally a negligent act. Solomon v. Manhattan R. Co., 103 N. Y. 437, 9 N. E. 430, 57 Am. St. Rep. 760; Mearns v. Central R. Co., 163 N. Y. 108, 57 N. E. 292. In the Solomon Case the court said:

"It is, we think, the general rule of law, established by the decisions of this and other states, * * * that the boarding or alighting from a moving train is presumably and generally a negligent act per se, and that, in order to rebut this presumption and justify a recovery for an injury sustained in getting on or off a moving train, it must appear that the passenger was, by the act of the defendant, put to an election between alternative dangers, or that something was done or said, or that some direction was given to the passenger, by those in charge of the train, or some situation created, which interfered to some extent with his free agency, and was calculated to divert his attention from the danger and create a confidence that the attempt could be made in safety."

This passage was quoted in the Mearns Case with approval, and relied upon in the decision of that case. But it is said here that the plaintiff did not know the train was still moving. He believed it to have stopped when he stepped off. This evidence is hardly credible, in view of the care he claims to have exercised to discover whether it had stopped or not. The same condition was claimed to exist in the Mearns Case—that he acted deliberately in leaving the train and stepped off the car in the belief that it had stopped. Upon this subject the court said:

"Ordinarily passengers have no difficulty in determining whether a train has stopped. They are usually as sensitive to a moving car as any guard or conductor could be, and heretofore it has never been understood to be the duty of a railroad company to expressly warn its passengers of the starting or the stopping of the train. * * * If such a duty is now imposed upon railroad companies, their burden will be materially increased, and they cannot properly open the door of a car for the exit of passengers until it has actually come to a stop."

No recovery was permitted in that case. The Appellate Division had held both the question of defendant's negligence and the plaintiff's contributory negligence were for the jury. The Court of Appeals said this was error.

We think this case was controlled by the Mearns Case, and that the nonsuit was properly granted. All concur, except KRUSE and ROBSON, JJ., who dissent.

Plaintiff's exceptions overruled, and motion for new trial denied, with costs, and judgment ordered for the defendant on the nonsuit.